BROWN, Circuit Judge,
concurring in part and concurring in the judgment:
I join Part II. C of the majority opinion, granting the petition for FERC’s failure to adequately address the cumulative impacts of the four upgrade projects. As I see it, the practical effect of the Court’s segmentation holding — now that several of the projects are complete — can only be FERC’s need for a more thorough cumulative impacts analysis. Therefore, I would have focused on that aspect of Petitioners’ wide-ranging and evolving challenges, and I would have declined to delve into the murky waters of backwards-looking segmentation review, especially since improper segmentation was raised only at the end of the lengthy approval process and scarce case law is available concerning gas pipelines, which, as the majority also explains, are distinct from highways and railways.
Nevertheless, I agree with the majority that “[m]any of the same points [from] Riverkeeper’s segmentation claim ... sustain its contention that FERC’s EA is deficient in its failure to include any meaningful analysis of the cumulative impacts of Tennessee Gas’s projects.” Maj. Op. at 1319. The close timing, functional interdependence, and physical connectedness of the four upgrade projects inform the need for FERC to address the cumulative impacts of the other projects within the Northeast Project’s EA. Here, FERC utterly failed to explain why timing and distance — factors that actually show the connectedness of the projects — justify excluding the other upgrade projects from the cumulative impacts analysis. See J.A. 554-57 (excluding consideration of the Northeast Supply Project because it was “at least 25 miles from” the Northeast Upgrade Project). For this reason, I would grant the petition and remand the case to FERC for further consideration of the appropriate cumulative impacts.